IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES STATEN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 07-627-GPM |
| | ) |
| **JAMES McGIRT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

In this action, Plaintiff sues the manager of a Schnuck's grocery store and an unidentified police or security officer who accused him of stealing. As best as the Court can glean from the papers filed in this action, criminal charges were filed against him in St. Clair County, Illinois. Subsequently, Plaintiff was apparently found unfit to stand trial and was therefore committed to a residential facility for treatment; he is currently confined at Alton Mental Health.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

The complaint, such as it is, falls short in numerous ways. First, Plaintiff does not present any actual claims against either Defendant; he simply states that they falsely accused him of stealing. Second, other than asking for a federal public defender, he makes no demand for any sort of relief.

Finally, with the assumption that Plaintiff is asking this Court to intervene in the state court criminal proceedings, the Court cannot do that. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.") Further, a federal injunction can halt the progress of a pending state criminal proceeding only on a "showing of bad faith, harassment, or any other unusual circumstances that call for equitable relief." *Younger v. Harris*, 401 U.S. 37, 54 (1971); *Arkebauer v. Kiley,* 985 F.2d 1351, 1358 (7th Cir. 1993). Plaintiff does not even attempt to make such a showing.

In summary, Plaintiff has failed to state a claim upon which relief may be granted, and his complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  11/07/07

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge